IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LEONARD, #15505-064, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1322-N |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate against the Federal Bureau of Prison (BOP).[1]

Parties: Plaintiff is presently confined at FCI Seagoville in Seagoville, Texas. The only remaining Defendant is the BOP. The Court issued process in this case.

Statement of Case: Plaintiff's complaint seeks to sue the BOP for alleged overcrowding

---

[1] Plaintiff and thirteen other FCI Seagoville inmates (plus an intervenor) initially filed this action jointly, along with a motion for temporary restraining order and for class certification, in the U.S. District Court for the District of Columbia. Following transfer of the joint action to this Court, District Judge Sam A. Lindsay dismissed the case without prejudice, directed the clerk to open new civil actions for each of the named plaintiffs, and required each plaintiff to file a separate complaint asserting his individual claims. *See* July 24, 2006 Order filed in *Beaird v. Lappin*, No. 3:06cv0967-L (N.D. Tex.). On August 22, 2006, Plaintiff filed the individual complaint at issue in this case, seeking declaratory and injunctive relief against the BOP. Contemporaneously with the filing of his complaint, Plaintiff submitted a motion for joinder, for class action, for appointment of counsel, and for temporary restraining order.

at FCI Seagoville which has exacerbated numerous conditions of confinement, including living space, lighting, inadequate ventilation, sanitation, recreational facilities, food services, dining, laundry service and clothing supplies, personal hygiene items, fire safety, security, physical safety, increased exposure violent environment, increased psychological distress, access to educational programs, to the courts and health care.  Plaintiff alleges violations of the Eighth Amendment of the United States Constitution.  He requests a reduction of the inmate population.

On November 17, 2006, Defendant BOP filed a motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment.  It argued *inter alia* that Plaintiff failed to exhaust administrative remedies before filing this action. Plaintiff filed a response, to which Defendant filed a reply.

Findings and Conclusions:  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).[2]

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is mandatory and is required for any suit challenging prison conditions.  *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).  Section

---

[2]  Although Defendant's motion to dismiss relies on matters outside the pleadings, *see* appendixes filed April 10 and 27, 2007, the Court excludes those matters.  As such, the Court need not treat Defendant's motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(b).

1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Johnson*, 385 F.3d at 515; *Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

The Code of Federal Regulations (CFR) provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Prisoners have twenty days following the date of the event that is the basis for the request to file a formal written Administrative Remedy Request (commonly known as BP-9). 28 C.F.R. § 542.14. If a prisoner is not satisfied with the Warden's response to his request, he may file an appeal to the Regional Director (commonly known as BP-10) within twenty days of the date on the response. 28 C.F.R. § 542.15. Prisoners may then appeal to the General Counsel within thirty days of the response from the Regional Director (commonly known as BP-11). *Id.* The CFR provides that "[w]hen the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.*[3]

---

[3] An issue has arisen as to whether an inmate at FCI Seagoville must informally resolve a complaint before filing a BP-9, and how that informal resolution may be accomplished.

Plaintiff asserts he adequately exhausted his administrative because he initially filed a joint action in reliance upon *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004). In Gates, a death row prisoner brought suit on behalf of himself and other prisoners confined to Death Row, or Unit 32-C, in the Mississippi State Penitentiary in Parchman, Mississippi. *Id.* at 327. He alleged that certain conditions of confinement on Death Row violated the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* After certifying the case as a class action, the trial court found that a number of the conditions on Death Row violated the Eighth Amendment. *Id.* The court then ordered that the Mississippi Department of Correction (MDOC) comply with injunctive relief designed to alleviate those conditions. *Id.*

On appeal, MDOC argued *inter alia* that the case should be dismissed because the trial court did not require all of the inmates who were members of the class to exhaust their administrative remedies. *Id.* at 329. The Fifth Circuit rejected this argument. It held that the fact that one class member had exhausted administrative remedies was sufficient to satisfy the PLRA's exhaustion requirement for the class of prisoners challenging conditions of confinement on Death Row. *Id.* at 330.

This case is distinguishable from *Gates*. Although Plaintiff filed the initial action jointly in reliance on *Gates*, that premise is no longer applicable. In July 2006, Judge Lindsay dismissed the joint action without prejudice and required each plaintiff to file a separate complaint asserting his individual claims within thirty days. *See* Note 1 *supra*. In compliance with that order, Plaintiff filed his individual complaint on August 22, 2006. While Plaintiff submitted a motion for joinder and class certification along with his individual complaint, Judge

---

As set out below, *see* note 5 *infra*, the Court need not resolve this issue at the present time.

Godbey denied that motion without prejudice on February 26, 2007, concluding that the motion failed to meet the requirements of Local Rule 23.2.

Plaintiff does not dispute that his motion for class certification failed to comply with the requirements of Local Rule 23.2. Moreover, after more than one-year of litigation, it is still unclear whether Plaintiff and the proposed class members are housed in the same housing unit and whether they are subjected to the same conditions of confinement, which is a pre-requisite to class action certification. *See Gates*, 376 F.3d at 329 and 339 (class representative and the class members all resided in the same housing unit -- Unit 32-C also known as Death Row). As a matter of fact in *Gates*, the Fifth Circuit held the injunction invalid to the extent that it "purport[ed] to apply to parts of Unit 32 beyond Unit 32-C . . . ." *Id.* at 339 (citing *Thomas v. County of Los Angeles,* 978 F.2d 504, 509-10 (9th Cir.1992) (reversing an injunction as overbroad when it purported to apply to the entire Los Angeles County Sheriff's Department although the plaintiff's complaint and evidence only applied to one specific station)).

Even assuming Plaintiff's motion for class certification were in compliance with Rule 23, Federal Rules of Civil Procedure, and Local Rule 23.2, the Court notes that John Beaird, the purported class representative who supposedly exhausted on behalf of the class, is no longer a litigant before this Court. On March 28, 2007, Beaird filed a voluntary motion to dismiss his individual complaint, which Judge Godbey granted. *See Beaird v. Lappin*, 3:06cv1312-N. Consequently, *Gates* is no longer applicable to this case.

Next Plaintiff argues that Judge Lindsay's order, which required that he file his individual complaint within thirty days, failed to provide adequate time to exhaust administrative remedies before the filing of the complaint. (Plaintiff's Resp. at 5-6). He, thus, argues that he

5

"never had the opportunity to exhaust after the joint class action was severed." (*Id.*). This argument is unpersuasive and should be overulled.

Plaintiff also argues that requiring him to exhaust before filing his individual complaint would have been futile because it is unlikely that he would have received a different response from Mr. Beaird. (Plaintiff's Response at 3 and 4). In support of his futility argument, he relies on *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). (*Id.* at 4). *Fuller* and *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993), both cited in Defendant's motion to dismiss at page 6, addressed exhaustion of administrative remedies in the context of a habeas corpus petition pursuant to 28 U.S.C. § 2241. They are, thus, inapplicable to exhaustion of administrative remedies under § 1997e(a). *See Doggett v. Joslin*, 2007 WL 38321, *3 n. 4, No. 3:06cv0539-B (N.D. Tex., Dallas Div., Jan. 3, 2007) (accepting findings and conclusions of magistrate judge) (finding *Fuller* and *Rourke* inapplicable to *Bivens* action).[4]

With respect to futility of administrative remedies, the Supreme Court has noted that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . . Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 1825 n.6. *See Clifford v. Gibbs,* 298 F.3d 328, 332 (5th Cir. 2002) (noting that the current version of § 1997e(a) provides for no discretion to excuse exhaustion). The circuit courts that have addressed the issue with respect to BOP inmates, have also held that there is no futility exception to the

---

[4] *Martinez v. Wendt*, 3:03cv0826-L (N.D. Tex. 2003) (§ 2241 habeas petition), and *Tasby v. Pratt*, 2002 WL 1160071, *2-3 (N.D. Tex. 2002) (same), also cited in Plaintiff's complaint at 3, and his response to the motion to dismiss at 4, are likewise inapplicable.

PLRA exhaustion requirement. *See Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1209-10 (10th Cir. 2003); *Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir. 2000); *Higginbottom v. Carter,* 223 F.3d, 1259, 1261 (11th Cir. 2000); *see also Belasco v. Haro*, 2005 WL 1521756, *2, No. 1:05-cv-0046-C (N.D.Tex., Lubbock Div., 2005).

Next Plaintiff argues that administrative remedies are "unavailable." (Plaintiff's Complaint at 2-3, and Response to Mot. to Dismiss at 5). He posits that the BOP "lacks the power to grant Plaintiff's requested relief because virtually all federal prisons are equally overcrowded, hence, no facility exists where the Eighth Amendment violation is not present, hence there is no *available* remedy." (Response to Mot. to Dismiss at 5) (emphasis in original). This contention is wholly unsupported and patently frivolous. Section § 1997e(a) speaks of available "administrative remedies" for purposes of the administrative exhaustion requirement, not the ultimate relief available in a case.

In light of Plaintiff's concession that he did not exhaust administrative remedies *before* filing his individual complaint in August 2006, the Court has no choice but to conclude that Plaintiff's claims remain unexhausted. Consequently, his complaint should be dismissed without prejudice for failure to exhaust administrative remedies as required by § 1997e(a). *See Wendell*, 162 F.3d at 891-92; *see also Clifford*, 298 F.3d at 333 (dismissing without prejudice for failure to exhaust administrative remedies under § 1997e(a)); *Scott v. Graham*, 54 Fed. Appx. 405 (5th Cir. 2002) (unpublished per curiam) (same); *Belasco*, 2005 WL 1521756, *2 (dismissing federal prisoner's claims without prejudice for failure to exhaust administrative remedies under §

1997e(a)).[5]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's motion to dismiss (Docket #12) be GRANTED, and that this case be DISMISSED without prejudice for failure to exhaust administrative remedies.

It is further recommended that, in light of the dismissal of this case, the following motions be DENIED AS MOOT:

> (1) Plaintiff's motion for reconsideration of the order denying Plaintiff's motion to strike Defendant's motion to dismiss (Docket #18), and

---

[5] Plaintiff alleges that, since December 2006, prison officials have interfered with his efforts to exhaust administrative remedies set out in 28 C.F.R. §§ 542.10-.15. (*See* March 7, 2007 Judicial Notice of Obstruction of Administrative Remedies at 2-6 and at Plaintiff's declaration, attached thereto). Although the Court ordered the BOP to respond to this assertion, the response only sets out the steps that Plaintiff took since December 2006 in exhausting his administrative remedies. (*See* Defendant's Response filed April 27, 2007, at 2-3).

The Court is seriously concerned about the repeated complaints, in this and other recently filed cases, that prison officials at FCI Seagoville persistently obstruct inmates' efforts to exhaust administrative remedies. Nevertheless, because Plaintiff concedes he did not begin to exhaust available administrative remedies *before* filing his individual complaint, the Court need not address or decide the issue at the present time. However, the case law recognizes that exhaustion of administrative remedies "may be subject to certain defenses such as waiver, estoppel, or equitable tolling," *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (quoting *Wendell*, 162 F.3d at 890). Moreover, the misconduct of prison officials in connection with an inmate's attempt to exhaust may render administrative remedies unavailable and, thus, preclude a defendant from raising failure to exhaust as an affirmative defense. *See Aceves v. Swanson,* 75 Fed. Appx. 295, 296 (5th Cir. 2003) (per curiam) (administrative remedies were unavailable because prison authorities repeatedly refused or failed to give an inmate the appropriate grievance forms despite his requests); *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003) (same); *see also Ziemba v. Wezner,* 366 F.3d 161, 163 (2d Cir. 2004) (affirmative defense of exhaustion is subject to estoppel if prison officials preclude the inmate from exhausting administrative remedies); *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 996-97 (6th Cir. 2004) (prison officials' failure to respond to prison grievances rendered administrative remedies unavailable).

8

(2) Plaintiff's motion to strike the late filed Appendix in support of Defendant's Motion to Dismiss (docket #30).

A copy of this recommendation will be mailed to Plaintiff and counsel for Defendant.

Signed this 18th day of May, 2007.

*Wm. F. Sanderson, Jr.*

_____

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.